**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CAROL ANN RANGE,**

                Plaintiff(s),         **CASE NUMBER: 07-12175
HONORABLE VICTORIA A. ROBERTS**

**v.**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**
**an Illinois Insurance Company,**

                **Defendant(s).**
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") "Motion for Summary Judgment." (Doc. #28). State Farm asks the Court to dismiss Plaintiff Carol Ann Range's ("Range") claim for unpaid family attendant care benefits because she did not incur the expenses.

State Farm's motion is **GRANTED**.

**II.    BACKGROUND**

On October 6, 2003, Range suffered a closed head injury after she was hit by a truck while crossing a residential street. Range now requires attendant care.

    **A.    Recommended Attendant Care**

All of Range's physicians, at various times, recommended 24 hour attendant care:

1

- March 22, 2004 - Dr. Elizabeth Hall, a Rehabilitation Physician, prescribed 24 hour attendant care due to cognitive deficits and safety issues.

- May 6, 2004 - Dr. Jon M. Wardner ("Dr. Wardner"), a Rehabilitation Physician, prescribed 24 hour per day attendant care for at least one more month.

- June 16, 2004 - Dr. Ennis Berker ("Dr. Berker"), a Neuropsychologist, did not believe Range required 24 hour supervision.

- July 1, 2004 - Dr. Wardner prescribed 24 hour per day attendant care for two more months.

- May 24, 2005 - Dr. Berker recommended 12 hour per day supervision and assistance.

- January 27, 2006 - Dr. Berker recommended 24 hour supervision and assistance.

- December 5, 2006 - Dr. Gerald A. Shiener, a Psychiatrist, recommended 24 hour supervision and attendant care.

- December 15, 2006 - Dr. Khurrum T. Pirzada, Range's Attending Physician, recommended 24 hour per day attendant care.

- September 17, 2007 - Dr. Berker recommended continuation of 24 hour supervision.

Range's attendant care providers are: (1) her daughter, Laurie True ("Laurie"); (2) her son-in-law, Jeff True ("Jeff"); (3) her sister, Sherry Christini ("Sherry"); (4) her sister, Sandy Drake ("Sandy"); (5) her son, Kevin Fitch ("Kevin"); and (6) her daughter, Tina Fitch ("Tina").

**B.    State Farm Payments for Attendant Care**

On October 1, 2004, State Farm and Range's attorney agreed that the appropriate hourly rate for family attendant care from October 6, 2003 through August 31, 2004 was $18.00 per hour.

2

Despite the agreement, Range's attorney submits an "Attendant Care Summary" and a calendar to State Farm every month. The calendar: (1) lists the month and year; and (2) has "24 HRS." written for each day (for the amount of time Range was supervised). The summary states the total amount demanded from State Farm for attendant care services provided for a particular month based on 24 hours per day at $25.00 per hour. Range does not help her attorney prepare documents.

State Farm issued eight checks payable to Range and Range's attorney:

- October 4, 2004 - $84,253.50 check for family attendant care provided October 6, 2003 through August 31, 2004.

- November 21, 2007 - $6,696.00 check for family attendant care provided October 1, 2007 through October 31, 2007 (31 days @ $18.00 per hour for 12 hours/day).

- December 3, 2007 - $6,480.00 check for family attendant care provided November 1, 2007 through November 30, 2007 (30 days @ $18.00 per hour for 12 hours/day).

- January 2, 2008 - $6,696.00 check for family attendant care provided December 1, 2007 through December 31, 2007 (31 days @ $18.00 per hour for 12 hours/day).

- February 1, 2008 - $6,696.00 check for family attendant care provided January 1, 2008 through January 31, 2008 (31 days @ $18.00 per hour for 12 hours/day).

- February 29, 2008 - $6,264.00 check for family attendant care provided February 1, 2008 through February 29, 2008 (29 days @ $18.00 per hour for 12 hours/day).

- April 1, 2008 - $6,696.00 check for family attendant care provided March 1, 2008 through March 31, 2008 (31 days @ $18.00 per hour for 12 hours/day).

- May 2, 2008 - $6,480.00 check for family attendant care provided April 1, 2008 through April 30, 2008 (30 days @ $18.00 per hour for 12 hours/day).

State Farm continues to send a check for $6,480.00 every 30 days.

### C. Range's Payment to Attendant Care Providers

Range's attorney gives Range a check for between $4,000.00 and $4,500.00 per month. Range deposits the checks into an "attendant care" account Laurie opened at Comerica bank. While the money in the "attendant care" account belongs to Laurie, Range pays other attendant care providers from that account with cash or gifts. Range also pays her property taxes from the "attendant care" account.

### D. Range's Complaint

Range filed a Complaint on May 18, 2007. She seeks $245,448.00 for unpaid family attendant care. According to Range, State Farm owes her for an additional 12 hours/day at $30.00 per hour from June 1, 2006 through September 30, 2007.

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by

4

Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV. APPLICABLE LAW AND ANALYSIS

Under MCLA §500.3107(1)(a), "personal protection insurance benefits are payable for . . . [a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." Range has the burden to prove the family attendant care services are: (1) "allowable expenses"; (2) "reasonable" in amount; and (3) actually "incurred." *See Owens v. Auto Club Ins. Ass'n*, 444 Mich. 314, 323-24 (1993).

State Farm concedes that family members are entitled to attendant care benefits. Further, State Farm does not dispute that Range received attendant care services. State Farm argues that Range did not "incur" an additional 12 hours of family attendant care service per day.

"To 'incur' means '[t]o become liable or subject to, [especially] because of one's own actions.'" *Proudfoot v. State Farm Mutual Ins. Co.*, 469 Mich. 476, 484 (2003) (quoting *Webster's II New College Dictionary* (2001)). "Liable" means "obligated

5

according to law or equity: responsible." *Burris v. Allstate Ins. Co.*, 480 Mich. 1081, 1084 (2008) (Corrigan, J., concurring) (quoting *Webster's Ninth New Collegiate Dictionary* (1987)); *see also Bombalski v. Auto Club Ins. Ass'n*, 247 Mich.App. 536, 543 (2001) ("liable" means "[r]esponsible or answerable in law; legally obligated") (citing Black's Law Dictionary (7th ed) p. 927).

To recover additional money for family attendant care services, Range does not need to present a formal bill establishing that attendant care services were provided. *See Burris*, 480 Mich. at 1085. Range only has to show she is under a legal or equitable obligation to pay her attendant care providers for an additional 12 hours of service per day. *See id.* at 1084.

Laurie is the main care giver. She implied through deposition testimony that she expected to be paid for her attendant care services: "[Range] knows that I'm providing attendant care for her and she's compensating it." However, Laurie: (1) never asked for money in addition to the check from Range's attorney that was deposited into her "attendant care" account; and (2) testified that she was paid in full for the attendant care services provided through March 31, 2008.

While Jeff expected to be paid for his attendant care services, he never asked for or demanded payment.

Kevin never asked for nor demanded payment for his attendant care services.

Nether Tina nor Sherry asked Range for additional compensation. They believe Range fairly compensated them for the attendant care services provided.

Sandy never asked for nor demanded compensation for the attendant care services she provided. She believes Range fairly compensated her for the attendant

6

care services she provided.

Finally, Range testified that she did not promise her attendant care providers additional compensation for services.

Based on the deposition testimony of the six attendant care providers and Range, the Court finds Range is not under a legal or equitable obligation to pay her attendant care providers for an additional 12 hours of care per day. State Farm satisfied its obligation under MCLA §500.3107(1)(a).

**V.  CONCLUSION**

State Farm's motion is **GRANTED**.  Range's Complaint is **DISMISSED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 15, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 15, 2008.

s/Carol A. Pinegar
Deputy Clerk